## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHERMAN AUGUSTINE**                                            **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, THROUGH**
**THE DEPARTMENT OF PUBLIC**                          **NO. 10-171-B-M2**
**SAFETY AND CORRECTIONS**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in chambers in Baton Rouge, Louisiana, April 30, 2010.

                             _____

                        **MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

SHERMAN AUGUSTINE                                            CIVIL ACTION

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF PUBLIC                              NO. 10-171-B-M2
SAFETY AND CORRECTIONS

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 2) filed by plaintiff, Sherman Augustine ("Augustine").  Defendant, the State of Louisiana, through the Department of Public Safety and Corrections ("the State"), has filed an opposition (R. Doc. 3) to Augustine's motion.

## FACTS & PROCEDURAL BACKGROUND

This suit was filed in the 20th Judicial District Court, Parish of West Feliciana, State of Louisiana, on January 30, 2009.  In the original petition, Augustine asserts claims relating to alleged denials of vacation time, employment benefits, and compensation by his former employer, the State Department of Public Safety and Corrections.  He alleges that the State's conduct was in violation of La. R.S. 23:967 (Louisiana's Whistle Blower Statute) and La. R.S. 23:631 and that he is entitled to ninety (90) days penalty wages computed at his daily rate of pay and attorney's fees in accordance with La. R.S. 23:632.

On or about February 10, 2010, Augustine filed a "Motion to Amend Suit with Leave of Court" in state court.  *See*, Exhibit YY to the State's Notice of Removal, R. Doc. 1-52. The state trial judge granted that motion to amend, and Augustine's suit was amended on

1

February 23, 2010. *Id.* The record indicates that the State was served with a copy of the state trial judge's order granting Augustine's motion to amend as well as a copy of the amended "complaint" on March 1, 2010.   *Id.* In the amended complaint, Augustine specifically alleges, for the first time, that the defendant deprived him of his rights guaranteed by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112, and Title VII of the Civil Rights Act of 1964 and its implementing regulations, affording him all available remedies under those acts.  He attached a copy of his Equal Employment Opportunity Commission "Right to Sue" letter to that amended complaint.

On the ground that Augustine's amended claims arise under federal law, the State removed his case to this Court on March 16, 2010, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441.  Augustine has now filed the present motion, seeking remand of his suit to state court on the ground that the State's removal was untimely under 28 U.S.C. §1446(b); because the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction by this Court; and because the State's Notice of Removal is not in accordance with Local Civil Rules 62 and 3.1.[1]

## **LAW & ANALYSIS**

Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. §1446(b).  If the case stated by an initial pleading is not removable,

---

[1] It is undisputed that this case "became removable" by virtue of the addition of federal claims through Augustine's amended complaint.  He concedes that point on the first page of his motion to remand.  The contested issue is the appropriate date from which the removal period commenced running.

2

as in the present case, a notice of removal may be filed within thirty (30) days after receipt

by the defendant, through service or otherwise, of "a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or

has become removable . . ." *Id.*  In this case, because Augustine did not file his amended

complaint in state court until after the State had filed its answer, the filing of his amended

complaint was governed by La. C.C.P. art. 1151, which required him to obtain leave of

court or written consent by the opposing party before filing his amended complaint.  La.

C.C.P. art. 1151.[2]  He did not obtain the written consent of the State to file such amended

pleading; however, on February 23, 2010, he was granted leave by the state trial court to

amend his complaint.   As mentioned above, the State was served with a copy of the

executed order granting Augustine's motion to amend his complaint and a copy of that

pleading on March 1, 2010.  The State's Notice of Removal was then timely filed with this

Court in accordance with 28 U.S.C. §1446(b) since it was filed fifteen (15) days later, on

March 16, 2010.  Put another way, the State timely filed its Notice fo Removal within thirty

(30) days after it first ascertained from a properly filed amended pleading that the case had

become removable because of the assertion of federal claims, and as a result, Augustine's

present motion should not be granted on the ground that the State's removal was untimely.[3]

---

[2] La. C.C.P. art. 1151 provides that a party may amend his petition without leave of court at any time before the answer thereto is served.  Otherwise, the petition may be amended only by leave of court or by written consent of the adverse party.  La. C.C.P. art. 1151.

[3] The undersigned notes that, even if the State is considered to have received notice of Augustine's federal claims and, thus, that the case became removable earlier by virtue of the state trial judge's order allowing Augustine to amend his complaint dated February 23, 2010, the State's removal is nevertheless timely because it was filed on March 16, 2010, which is within thirty (30) days of the issuance of that order.

4

Furthermore, the undersigned agrees with the State that the *Rooker-Feldman* doctrine is inapplicable to this case.  The *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Turner v. Cade*, 2009 WL3817007 (5th Cir. 2009), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The present matter is not a case brought in federal district court by a party against whom an adverse state court judgment was rendered and who is seeking federal court review and rejection of that state court judgment.  No final state court judgment has been rendered relative to this case, as is evident from the fact that the state trial court recently allowed the plaintiff to amend his complaint.  Accordingly, the *Rooker- Feldman* doctrine is also not a basis for remand of this action.

Finally, Augustine's arguments based upon Local Civil Rules 62 and 3.1 do not necessitate remand of this case.  Local Civil Rule 62, which relates to petitions to stay execution of state court judgments, does not apply to this case since neither party is

---

⁴ Augustine contends that the thirty (30) day period under §1446(b) should commence running from February 10, 2010, when he filed with the state court his motion to amend his complaint to add federal claims, faxed a copy of that motion to defense counsel's office, and discussed the proposed amended pleading with defense counsel in the hallway of the 20th Judicial District Courthouse.  The undersigned disagrees.  The federal claims were not actually added to this suit, rendering the case removable, until the state trial judge signed the order granting Augustine leave to amend his complaint to add those claims on February 23, 2010.  The fact that defense counsel may have had notice that Augustine could *potentially* assert federal claims against the State as early as February 10, 2010 is irrelevant.  Because the State filed its Notice of Removal within thirty (30) days of the federal claims actually being added to the suit on February 23, 2010 or within thirty (30) days of its being served with a copy of the order allowing the federal claims to be added to the suit on March 1, 2010, the State's Notice of Removal is timely under §1446(b).

seeking a stay of proceedings involving enforcement of a state court judgment.  As discussed above, no final judgment has been issued in this matter that could be enforced. Instead, the State has timely removed Augustine's suit to this Court within thirty (30) days of first receiving notice that he had properly filed federal claims and that this Court has federal question jurisdiction.  Local Civil Rule 62 in no way relates to that action by the State.

Local Civil Rule 3.1 concerns collateral proceedings and refiled cases.  It provides that, whenever a civil matter, commenced in or removed to the court, involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then pending before this or another court or an administrative agency, or previously dismissed or decided by this court, counsel shall append on a separate sheet of paper, to the front of the complaint, a list and description of all such actions then known to counsel and a brief summary of the relationship.  If information concerning any such action or proceeding is obtained subsequent to the filing of the original pleading in the latter case, it shall be the duty of counsel obtaining such information to notify the court and opposing counsel in writing of the information so received in the same manner.  LR3.1.  The State acknowledges that Augustine filed another state court suit entitled *Sherman Augustine v. Louisiana Department of Public Safety and Corrections, Louisiana State Penitentiary*, Docket No. 20847, Division A, 20th Judicial District Court, Parish of West Feliciana, Louisiana.  The State also indicates that, in furtherance of promoting judicial economy and preserving resources, it complied with La. C.C.P. art. 532 and filed a motion to stay proceedings in that matter, which is set for hearing on June 16, 2010.  The State essentially concedes that it failed to comply with

5

Local Civil Rule 3.1 because it did not append on a separate sheet of paper, to the front of the Notice of Removal in this matter, the name and description of that other suit and a brief summary of the relationship of that suit to the present matter; however, it indicates to the Court that, if the Court wishes to have a copy of the pleadings from that other suit, the State will provide same upon request. The State further argues that a violation of Local Civil Rule 3.1, if applicable, does not warrant remand. The undersigned agrees. The State's failure to comply with Local Civil Rule 3.1 is a minor procedural omission, which can be easily remedied and which does not divest this Court of the federal question jurisdiction that has arisen as a result of Augustine's assertion of claims under the ADA and Title VII. In the event the district judge adopts this report and recommendation as the opinion of the Court and wishes to have a description and/or copy of the pleadings from the collateral proceeding in state court, the district judge can order the State to produce same; however, the undersigned does not find that the State's failure to produce that information, which was likely inadvertent,[5] warrants remand. Accordingly, because none of the grounds for remand asserted by Augustine have merit, the undersigned finds that his present motion should be denied.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 2)

---

[5] Although Augustine asserts, in his remand motion, that the State's failure to comply with Local Civil Rule 3.1 was intentional, there is no evidence before the undersigned to support that assertion.

6

filed by plaintiff, Sherman Augustine, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, April 30, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**