**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SHERMAN AUGUSTINE**  CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, THROUGH**  NO. 10-171-FJP-CN
**THE DEPARTMENT OF PUBLIC**
**SAFETY AND CORRECTIONS**

## RULING & ORDER

This matter is before the Court on the Motion to Compel Plaintiff's Deposition (R. Doc. 31) filed by defendant, State of Louisiana, through the Department of Public Safety and Corrections ("DPSC"). Plaintiff, Sherman Augustine ("Augustine"), has not filed an opposition to such motion.

## FACTS & PROCEDURAL BACKGROUND

Augustine filed this suit against the DPSC in the 20th Judicial District Court, Parish of East Feliciana, on January 30, 2009. DPSC removed the suit to this Court. Although the Court determined that removal was proper, Augustine's state law claims were remanded back to state court for further proceedings. In connection with both this case and the ongoing, similar state court action, DPSC requested Augustine's deposition by certified letters dated June 28, 2010, September 17, 2010, and June 3, 2011. DPSC has also contacted Augustine by telephone to schedule his deposition but has been unsuccessful in reaching him. As of the date the present motion was filed, June 27, 2011, DPSC had not received any response from Augustine regarding the taking of his

1

deposition. Because of the June 30, 2011 discovery deadline in this matter, DPSC filed this motion, seeking to compel Augustine to appear for and attend a deposition in this matter. DPSC also seeks an award of the attorney's fees and costs that it incurred in bringing the present motion.

## **LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

As mentioned above, the present motion was filed on June 27, 2011, and the Certificate of Service attached to the motion indicates that the motion was mailed to Augustine on that same date. Thus, over twenty-one (21) days have elapsed since the service of the motion, and Augustine has failed to file any opposition. The motion is therefore deemed to be unopposed. In addition to being unopposed, for the reasons set forth below, the motion has merit and should be granted.

Pursuant to Fed. R. Civ. P. 30(a)(1), a party may, by oral questions, depose any

2

person, including a party, without leave of court except as provided in Rule 30(a)(2), which relates to several situations that are inapplicable in this case. *See*, Fed. R. Civ. P. 30(a)(1). Thus, a person having knowledge of facts sought by the moving party is subject to examination. CJS Federal Civil Procedure §619 (2011); *Xavier v. Belfor USA Group, Inc.*, 2009 WL 3231547, *1 (E.D.La. 2009), citing *Williams v. Sprint/United Mgmt Co.*, 2006 WL 1867471, *3 (D.Kan. 2006)(holding that generally, "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition").

In the present matter, Augustine is subject to oral deposition examination by DPSC because he is the party that brought this suit, and he has knowledge concerning the facts underlying his claims. As such, Augustine will be compelled to personally appear for and participate in a deposition in this matter. However, the undersigned declines to impose sanctions upon Augustine for failing thus far to appear for a deposition since his deposition has not yet been properly noticed by DPSC.[1] Fed. R. Civ. P. 37(d) provides for sanctions only after a party fails to appear for a deposition for which he has been served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i); *Brady v. LTD Parts, Inc.*, 2009 WL 1658037 (M.D.Tenn. 2009).[2]

Accordingly;

---

[1] Although defense counsel has sent Augustine several certified letters proposing available dates for his deposition, she has never actually issued a notice setting his deposition, for which deposition Augustine failed to appear.

[2] Of course, if Augustine does not comply with this Order and fails to appear for and participate in his deposition within the next fifteen (15) days, sanctions can be imposed upon him at a later date for failure to cooperate in discovery and comply with a court order. *See,* Fed. R. Civ. P. 37(b).

**IT IS ORDERED** that the Motion to Compel Plaintiff's Deposition (R. Doc. 31) filed by defendant, State of Louisiana, through the Department of Public Safety and Corrections, is hereby **GRANTED IN PART**, in that plaintiff, Sherman Augustine, shall personally appear for and participate in a deposition in this matter by **August 22, 2011**, failing which he will face sanctions imposed by the Court, and **DENIED IN PART**, with respect to defendant's present request for sanctions.

**IT IS FURTHER ORDERED** that, to allow for plaintiff's deposition, Defendants' Motion to Extend Dispositive Motion Deadline (Dkt. NO. 32) is hereby **GRANTED** and the dispositive motion filing deadline is extended to September 30, 2011.

Signed in chambers in Baton Rouge, Louisiana, August 3, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**